Zimmerman, J.
The present appeal is by the San-A-Pure Dairy Company, Inc., of Findlay, Ohio, an Ohio corporation doing business as San-A-Pure Dairy, from a decision of the Board of Tax Appeals, which decision affirmed an order of the Tax Commissioner assessing deficiency sales and use taxes *470 against appellant for the audit period from January 1, 1956, to December 31, 1959, plus a conditional penalty.
Appellant, among other activities, is engaged in the production and sale of packaged ice cream at whosesale to retailers who in turn sell the same to their customers.
The controversy involves the purchase by appellant of refrigerated ice-cream cases or cabinets without the payment of sales and use taxes. Such cases or cabinets were owned by appellant and furnished by it to certain retailers for the storage and display of appellant’s ice cream. Each retailer who was furnished such a case or cabinet agreed in writing that its use would be exclusively for the storage and display of appellant’s product. Those retailers who used their own cabinets in the display and sale of appellant’s ice cream were given a discount of ten cents per gallon on the ice cream they purchased, which deduction was listed and treated as a rebate.
Appellant’s cabinets were installed, removed on occasion and serviced by it at no cost to the users, and appellant’s employees stocked the cabinets, sometimes arranged the packaged ice cream therein and took away old or spoiled ice cream.
Opposing counsel agree that no distinction exists between the sales and use taxes in relation to the instant case.
Section 5739.01, Revised Code, provides, inter alia:
“As used in Sections 5739.01 to 5739.31, inclusive, of the Revised Code:
It # # #
“(E) ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is:
“ (1) To resell the thing transferred in the form in which the same is, or is to be, received by him;
“(2) * * * to use or consume the thing transferred * * * directly in making retail sales *-*
A sale is defined in Section 5739.01 (B), Revised Code, as follows:
“ ‘Sale’ and ‘selling’ include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * * for a consideration in any manner, whether absolutely or conditionally, whether *471 for a price or rental, in money or by exchange, and by any means whatsoever * *
It is the position of the appellee Tax Commissioner, with which the Board of Tax Appeals agreed, that appellant in its purchase of the refrigerated cases or cabinets was the consumer thereof, and that such transaction between the seller and appellant constituted a retail sale subject to the Ohio sales and use taxes.
On the other hand, appellant insists, first, that the refrigerated cases or cabinets were actually resold by it to the retailers of its ice cream on the basis that the possession thereof was transferred to the retailers for a consideration and hence, since a resale occurred, the original purchase of the eases or cabinets was in fact a purchase for resale under Section 5739.01 (E) (1) and thus was excepted from the sales and use taxes. Secondly, appellant contends that its purchase of the refrigerated cases or cabinets was for the purpose of using them directly in making retail sales, and that, by virtue of the direct use exemption contained in Section 5739.01 (E) (2), Revised Code, the purchase of these items was not subject to the sales and use taxes.
In denying that a resale took place, the appellee points out that there was no direct charge to any retailer supplied with a case or cabinet* and that these retailers paid no more than the prevailing wholesale price for the ice cream they bought. Appellee brands as “novel” appellant’s contention that because it sold ice cream at ten cents less per gallon to those retailers who used their own cases or cabinets, such independent arrangement shows a resale of appellant’s cabinets or cases to those to whom they were supplied. It is to be emphasized that these retailers were not billed and charged for the use of appellant’s equipment, and that they paid only the prevailing wholesale price for the ice cream they received. The collateral fact that other retailers, in independent transactions, chose to use their own cases or cabinets and paid a little less per gallon for appellant’s ice cream is by no means conclusive of a resale by appellant of its cabinets or cases. Appellee contends that if is just as logical to say that the ten-cent rebate was allowed as an inducement to retailers to use their own display cases.
*472 It is held in the first paragraph of the syllabus of Kloepfer’s, Inc., v. Peck, Tax Commr., 158 Ohio St., 577, 110 N. E. (2d), 560, that “a transfer of possession of property does not constitute a sale within the meaning of the Sales Tax Act unless such transfer is for a consideration.”
The mere fact that the cost of the cases or cabinets supplied retailers by appellant may be included in the price of the ice cream sold them is not sufficient to constitute a sale of such equipment within the intendment of Section 5739.01 (B), Revised Code, and that the use of its cases or cabinets by the retailers in their stores was not the kind or character of consideration contemplated by the statute.
As to appellant’s second contention, although the refrigerated cases or cabinets in issue were ultimately used in connection with making retail sales, it was the retailer and not the appellant who used them for that purpose, and the appellant, a separate entity, may not place itself in the retailer’s shoes. H. J. Heinz Co. v. Bowers, Tax Commr., 170 Ohio St., 423, 165 N. E. (2d), 792; Coca Cola Bottling Co. v. Bowers, Tax Commr., 171 Ohio St., 26, 167 N. E. (2d), 771.
We are not convinced that the decision of the Board of Tax Appeals is unreasonable or unlawful, and the same is affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Bell and Keens, JJ., concur.
Taet and O’Neill, JJ., dissent.
Keens, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.